AYCOCK v. ROSS et al. (No. 7131.)

(Court of Civil Appeals of Texas. Dallas. Oct. 17, 1914.)

COMPROMISE AND SETTLEMENT (§ 24*)—PLEADING AS DEFENSE — ADMISSIBILITY OF EVIDENCE.

In an action for the balance due on a labor contract in which defendant pleaded a settlement of the differences between the parties and an agreement as to the amount then due, and that plaintiffs then had money belonging to defendant in excess of the amount due, while plaintiffs pleaded and testified to an agreement as to the amount due and a promise to pay such amount, which had not been performed, while defendant denied that there was any un-

derstanding that the amount would be paid at once, it was a question for the jury whether there was a binding settlement, and the court, therefore, properly admitted evidence as to the work performed and transactions had prior to the settlement.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 95; Dec. Dig. § 24.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by J. W. Ross and others against J. W. Aycock. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Chas. R. Crenshaw and Jones & Hassell, all of Sherman, for appellant.

RAINEY, C. J. Appellant was sued by appellees to recover for a balance due them on a labor contract, claiming said balance to be $217, and the sum of $25 attorney's fees. Appellant answered, pleading payment of all the sums due to appellees, except $28, which he tendered into court. A trial resulted in a verdict in favor of appellees for $258, and the court entered judgment accordingly.

The appellant complains of the admission of certain testimony of the appellee over his objection, as shown by appellant's assignment of error as follows:

"The court erred in permitting plaintiff to testify, over the objection of defendant, that such testimony was irrelevant and immaterial, not pleaded, and in contravention of the settlement on the 16th day of March, 1913, that plaintiffs pleaded to their work, expenses, board bill, number of days worked, number of days idle, and all transactions had by plaintiffs previous to said settlement. Plaintiffs were permitted, over said objection of defendant, to testify to the facts above set forth, and defendant saved his exceptions to the court in so doing"

—and submits the following proposition:

"In a suit by one party against another for labor extending over a considerable period of time and for expenses incurred in the performance of said labor, and in which, during the performance of said labor, the laborer received from time to time partial payments on his work, and in which, during said time, the parties adjusted the differences that had arisen as to the amount due for such labor and expenses, and fixed the sum due up to a certain date, and afterwards, from time to time, other labor is performed, on the trial of said suit it is error to ignore said settlement and go back behind same and admit items of labor and expenses that had been occasioned previous to said settlement."

The appellant pleaded that a settlement of the differences between the parties was had and agreed upon on or about the 3d of April, 1913, which included all the amounts due for labor performed and all amounts due for expenses incurred by appellees prior to said settlement; that prior to said settlement appellees had collected on the work done for appellant sums of money in excess of the amount due the appellees, and they, at said time, were due him the sum of $29. Appellees by supplemental petition denied making the settlement pleaded by appellant, but say,

in effect, that on or about the 16th day of March, plaintiff offered to pay $72 for expenses and the further sum of $432 for work performed, which were to be paid promptly on appellant's return to Collinsville, Tex.; that he did not pay said amounts as promised, but failed and refused to consummate said settlement. These pleadings raised the issue whether or not there was a binding settlement between the parties. One of the appellees testified that there was an agreement as to the amount of work and expenses which was to be paid by appellant at once, which was not done. Appellant denies that there was any understanding that said amount would be paid at once. But it is contended that appellees collected on work due appellant sums of money in excess of what was due appellees, and there was no reason for appellant to enter into such an agreement. Under the pleadings and evidence we do not think the court erred in admitting the evidence. The parties differed as to the time when the agreed amount of settlement was to be paid, and this was a question for the jury. If appellees collected moneys due appellant for work, and at the time the settlement was made had in their possession more of appellant's funds than was sufficient to liquidate said amount, there was no need for appellant to pay them anything, or if appellees collected the $240 for work due appellant and applied it to the amount fixed in settlement, or if no time was fixed by the terms of said agreement for appellant to pay, then said settlement was binding. The evidence admitted having raised these issues, the court should have instructed the jury as to the law governing the case made thereby.

Appellant complains that the verdict is excessive in amount. We are of the opinion that this assignment should be sustained. When the facts are duly considered, the recovery is greater than appellees are entitled to, but the exact amount of excess is not so definitely shown as to warrant a reversal and rendering judgment, but the evidence does warrant a reversal and remanding of the cause; and it is so ordered.